UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON A. JENSEN,

Plaintiff,

v.  CASE NO. 8:20-cv-173-T-33TGW

STATE OF FLORIDA, BAYCARE
MEDICAL GROUP, CIRCLES OF CARE,
ROCKLEDGE FLORIDA POLICE
DEPARTMENT, and PASCO COUNTY
FLORIDA SHERIFF'S DEPARTMENT,

Defendants.
_____/

REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Motion to Proceed In Forma Pauperis and Petition for Emergency Protective Order (Doc. 1). I recommend that the motion be denied.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff has not submitted an affidavit showing an inability to pay the filing fee. Thus, his motion to proceed in forma pauperis should be denied.

Further, the plaintiff's complaint[1] should be dismissed without prejudice because it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Thus, there is no "short and plain statement of the claim showing that the [plaintiff] is entitled to relief" or a statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a). There is simply no cogent allegation of a claim for relief over which this court would have jurisdiction. The plaintiff's complaint states that "Federal Question Brings Rise to this Court's Jurisdiction" (see Doc. 1, p. 2). He mentions the Writ of Habeas Corpus, but he does not allege a clear federal constitutional violation. Further, the plaintiff mentions the "Right to Try Act," but he does not provide a citation to the Act nor a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, the plaintiff has not provided the legal bases to support his claims.

It appears that the plaintiff's complaint is premised on the allegation that he was detained at Circles of Care in Melbourne, Florida,

---

[1] The plaintiff has not filed a separate complaint. Thus, his Motion to Proceed In Forma Pauperis and Petition for Emergency Protective Order (Doc. 1) are also construed as his complaint to the extent that they set forth his claims.

2

pursuant to the Baker Act (Doc. 1, p. 2). In all events, this detention apparently occurred in Brevard County, which is in the Orlando Division of the Middle District of Florida. The plaintiff also alleges a detention at Baycare Medical Group in New Port Richey, Florida—which is within the Tampa Division—pursuant to the Baker Act (id. at 3). The plaintiff alleges that this event occurred on February 26th, but he does not provide the year. Thus, the factual basis for his allegations are unclear, and it cannot be determined whether venue in Tampa is proper. See 28 U.S.C. 1391(b).

The plaintiff also requests an emergency protective order (see Doc. 1, p. 1). This request is clearly meritless and should be denied. Federal Rule of Civil Procedure 26 states that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Rule 26(c)(1), Fed. R. Civ. P. See also Local Rule 3.04(b). The plaintiff is not engaged in discovery. Thus, this request should be denied.

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the complaint fails to state a claim on which relief may be granted. Accordingly, the complaint (Doc. 1) should be dismissed. 28 U.S.C. 1915(e)(2)(B)(ii).

See also Thompson v. Adamson, 247 Fed. Appx. 178, 179 (11th Cir. 2007) ("federal courts have discretion to dismiss pro se claims if they lack an arguable basis either in fact or in law").

However, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260–61 n.5 (11th Cir. 2002) (Section 1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Fed. R. Civ. P. 15.).

Accordingly, I recommend that the Motion to Proceed In Forma Pauperis and Petition for Emergency Protective Order (Doc. 1) be denied. Further, I recommend that the complaint (Doc. 1) be dismissed without prejudice, with leave to file within thirty days an amended complaint that complies with 28 U.S.C. 1915 and the Federal Rules of Civil Procedure.

The plaintiff is advised that an amended complaint must identify each of the claims in separate counts of the complaint, and for each count identify in separate numbered paragraphs the pertinent facts which support the contention that the defendants engaged in that conduct. See Fed. R. Civ. P. 10(b); McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants must comply with procedural rules that govern pleadings). The Hillsborough County Library has form books that provide sample formats

for federal lawsuits and contain copies of the Federal Rules of Civil Procedure. The Middle District of Florida's website also has helpful information. See www.flmd.uscourts.gov.

Respectfully submitted,

/s/ Thomas G. Wilson
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 10, 2020.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.